COLONIAL BUILDING-LOAN ASSOCIATION OF JERSEY CITY, PLAINTIFF-RESPONDENT, v. BERGEN MUTUAL BUILDING AND LOAN ASSOCIATION, NO. 4, OF JERSEY CITY, DEFENDANT-APPELLANT.

Argued October 18, 1939—Decided January 25, 1940.

94

For the plaintiff-respondent, *George G. Tennant.*

For the defendant-appellant, *Frederick M. Barnes.*

PER CURIAM.

The questions of fact and of law were correctly resolved below. The way to the rear building was necesssary within the meaning of our cases. When the owner of both properties conveyed out the title to No. 34 Vroom street, there was, as an incident to that conveyance, an implied grant of a *quasi* easement in favor of that property and against the retained lot. The proofs disclose that the use of the way to the rear building was accompanied by physical conditions which were obvious and continuous.

The *postea* and the judgment are drawn upon the assumption that the matter was heard by Judge Ackerson as "Supreme Court Commissioner, occupying the position of Circuit Court judge." This is a mis-statement of the fact. The matter was heard and disposed of by Judge Ackerson

in his capacity as Circuit Court judge; he had no authority otherwise. The briefs make no mention of this discrepancy which may be corrected by amendment.

Subject to that amendment the judgment will be affirmed, for the reasons, except as noted, stated below.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.